IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARIO D. ALFORD, | ) | |
| | ) | |
| Plaintiff, | ) | 8:19CV179 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| DOUG PETERSON and PETE RICKETTS, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Petition for Declaratory Judgment Relief (Filing No. 1). For the reasons explained below, the court will dismiss this action with prejudice.

## I. BACKGROUND

Plaintiff is currently confined at the Nebraska State Penitentiary[1] and serving a sentence of 10 to 36 years' imprisonment as a result of a conviction from the District Court of Sarpy County, Nebraska, for assault by a confined person with the habitual-offender enhancement. (Filing No. 1 at CM/ECF p. 1.)

On April 24, 2019, Plaintiff filed a Petition for Declaratory Judgment pursuant to 28 U.S.C. § 2201, seeking a declaration that Neb. Rev. Stat. §§ 29-2221, 83-1,107, and 83-1,110 are unconstitutional both facially and as applied to him. (Filing No. 1.) Plaintiff was granted leave to proceed in forma pauperis on May 23, 2019. (Filing No.

---

[1]Plaintiff's Petition states that he is confined at the Tecumseh State Correctional Institution, but the Nebraska Department of Correctional Services website indicates that Plaintiff is confined at the Nebraska State Penitentiary.

10.) After a delay in receiving payment of Plaintiff's initial partial filing fee (Filing Nos. 11, 12), Plaintiff's Petition is now ready for initial review.

## II. DISCUSSION

A "civil action" under 28 U.S.C. § 1915 of the Prison Litigation Reform Act ("PLRA") is not limited to actions challenging a prisoner's conditions of confinement; rather, courts have consistently applied the provisions of section 1915 to all manner of civil actions brought by prisoners, including declaratory-judgment actions. *See, e.g.*, *United States v. Jones*, 215 F.3d 467 (4th Cir. 2000) (prisoner's post-conviction motion for the return of property is a "civil action" for purposes of provision of PLRA requiring that a prisoner who brings a civil action or appeal must pay the full filing fee; that provision is not limited to prisoner civil-rights cases); *Hill v. City of St. Louis*, No. 4:14CV1813, 2015 WL 224998, at *1 (E.D. Mo. Jan. 15, 2015) (assessing initial partial filing fee pursuant to 28 U.S.C. § 1915(b) in prisoner's action for declaratory judgment pursuant to 28 U.S.C. § 2201).

Under 28 U.S.C. § 1915, the court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than

2

other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted).

Here, Plaintiff claims the habitual-offender statute, Neb. Rev. Stat. § 29-2221 (Westlaw 2019), and the statutes relating to calculation of a prisoner's good time, Neb. Rev. Stat. §§ 83-1,107 and 83-1,110 (Westlaw 2019), violate principles of due process, equal protection, separation of powers, the Sixth Amendment, and the Ex Post Facto Clause, among others. Essentially, Plaintiff claims his conviction and sentence under these statutes were unconstitutional because he had no notice that he would not receive good time toward his mandatory-minimum habitual-offender sentence, and the habitual-offender statute impermissibly allows the trial court to determine facts that increase an offender's punishment.

Plaintiff attempts to attack his state conviction indirectly through the Declaratory Judgment Act, 28 U.S.C. § 2201, when he should have done so directly through a habeas petition. The law is well-established that a prisoner cannot seek a declaratory judgment under 28 U.S.C. § 2201 as to the validity of a state-court judgment which he is engaged in serving. *Christopher v. State of Iowa*, 324 F.2d 180, 181 (8th Cir. 1963). "Any declaration that the criminal statute under which Plaintiff was convicted is invalid would equate to a review of the judgment." *Halfacre v. Arkansas*, No. 4:11CV00138, 2011 WL 1042291, at *1 (E.D. Ark. Mar. 21, 2011) (citing *Jones v. Missouri*, Case No. 1:08CV38, 2008 WL 2020318, at *4 (E.D. Mo. May 7, 2008) (unpublished opinion) (declaratory decree that judgment was invalid because plaintiff was deprived of right to fair trial due to state statute would be review and revision of judgment)). Such review is limited to the habeas sections of Title 28 of the United States Code. *See, e.g.*, *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) ("The disruptive effects of [a declaratory] action . . . are peculiarly great when the underlying claim must be adjudicated in a federal habeas proceeding.") Thus, Plaintiff's only remedy in federal district court is habeas corpus.

Accordingly, the court concludes that Plaintiff has failed to state a cognizable claim under the Declaratory Judgment Act, and his Petition must be dismissed for failure to state a claim upon which relief may be granted.[2]

IT IS THEREFORE ORDERED that:

1. This case is dismissed with prejudice, and a separate judgment will be entered in accordance with this Memorandum and Order.

2. Any notice of appeal filed by Plaintiff must be accompanied by the $505.00 appellate filing fee because Plaintiff will not be allowed to proceed in forma pauperis on appeal.

DATED this 23rd day of July, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[2]This decision is not intended to bar the filing of a timely and meritorious habeas action under 28 U.S.C. § 2254.